FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:45 am, Jun 26, 2020

# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 214-012-8 |
| OTTIE L. CORBITT, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Ottie Corbitt's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 854. For the reasons below, Corbitt's motion is **DISMISSED**.

## BACKGROUND

In June 2014, under a written plea agreement, Corbitt pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, a quantity of controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. Dkt. Nos. 200, 201. In December 2014, the Court sentenced Corbitt to 112 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 594. According to the BOP website, Corbitt is currently incarcerated at FCI Butner Medium II, located in Butner, North Carolina, with a projected release date of December 23, 2021.

Now Corbitt moves the Court for release from prison in the form of home confinement. Corbitt's motion is based on the COVID-19 pandemic and his concern for his health. As such, the Court construes Corbitt's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Corbitt, however, has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Corbitt does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 854.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Corbitt has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Corbitt's request. See United States v. Matthews, No.

2

5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Corbitt's motion for compassionate release, dkt. no. 854, is **DISMISSED**.

**SO ORDERED**, this 25 day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA